(November 20, 1979)

■ Cora L. Brown, Respondent-Appellant, v Bowery Savings Bank, Appellant-Respondent, et al., Defendant.—Order, Supreme Court, New York County, entered on June 14, 1978, and the judgment entered thereon on June 21, 1978, affirmed on the opinion of Bloom, J., at Special Term, without costs and without disbursements. Concur.—Murphy, P. J., Kupferman and Markewich, JJ.

Sandler and Yesawich, JJ., dissent in the following memorandum by Yesawich, J.: Cora Brown, the plaintiff, opened two bank accounts, a regular joint savings account and a joint time deposit account, at the Bowery Savings Bank. Her son, William J. Brown, was the joint tenant. Both accounts were payable to either or the survivor. On March 29, 1974, approximately three months prior to his death, the son withdrew the proceeds in the regular joint savings account and opened a joint account, having a new account number, naming himself and one Ruth McCullough joint holders of the account. At the same time he changed the title of the joint time deposit account by deleting his mother's name and substituting Ms. McCullough's. A new account number was not assigned for this account. Mr. Brown died June 25, 1974. Sometime during the week of July 1 plaintiff's grandson inquired at the bank as to the existence of savings accounts in the names of William J. Brown and Cora L. Brown or William J. Brown, individually. Though made aware of one such account, not the object of this appeal, he was not informed of the accounts decedent held jointly with Ms. McCullough. On July 3 Ms. McCullough withdrew the funds in the regular joint savings account and on August 29, 1974, she withdrew the balance of the joint time deposit account. A bank's liability for moneys withdrawn from the jointly held accounts is sharply circumscribed by subdivision [a] of section 675 of the Banking Law which reads in part: "When a deposit of cash, securities or other property has been made * * * in or with any banking organization * * * in the name of such depositor or shareholder and another person and in form to be paid or delivered to either, or the survivor of them, such deposit or shares * * * may be paid or delivered to either during the lifetime of both or to the survivor after the death of one of them, and such payment or delivery and the receipt or acquittance of the one to whom such payment or delivery is made, shall be a valid and sufficient release and discharge to the banking organization * * * for all payments or deliveries made on account of such deposit or shares prior to the receipt by the banking organization * * * of notice in writing signed by any one of such joint tenants, not to pay or deliver such deposit or shares and the additions and accruals thereon in accordance with the terms thereof". As the statute's central concern is not determination of the funds' ownership, but to define a bank's obligation and liability as a depository, no distinction is made between regular deposits and time deposits. If plaintiff wished to prevent her son from unilaterally controlling these accounts, she was obliged to give written notice to that effect. Absent a showing that plaintiff gave the notice required by subdivision [a] of section 675, Bowery is insulated from liability. With regard to plaintiff's claim that the bank was negligent in releasing the funds to Ms. McCullough on July 3 and August 29, 1974, her grandson's inquiry was hardly adequate to alert Bowery to any adverse claim. But even if that inquiry had been sufficient to have excited the bank's suspicion that a hostile claim existed, to effect a legally recognizable notice of that claim it was necessary that plaintiff, or someone acting in her behalf, "either procure a restraining order, injunction or other appropri-

ate process against such savings bank * * * or * * * execute to such savings bank * * * a bond, indemnifying such savings bank from any and all liability". (Banking Law, § 239, subd 5; *Ciriello v Eastchester Sav. Bank,* 74 Misc 2d 425, affd 45 AD2d 823.) Inasmuch as these statutory requirements were not fulfilled, defendant Bowery Savings Bank's cross motion for summary judgment should have been granted and the complaint against it should have been dismissed in its entirety. Though not reached below, we also find insupportable the contention that Bowery must be held liable for having disregarded its own internal operating procedure, applicable to a joint time deposit account, which called for both joint tenants to consent to a change in the title of the account. The suggested procedure is simply advisory and is, at best, merely Bowery's guideline for use by the bank's personnel. Not being a part of any depositor-bank agreement, Bowery was not bound to adhere to it (cf. Banking Law, § 238, subd 1) and is not liable for deviating from it.